UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

TAMMY B.,[1]

      Plaintiff,

    v.                             1:21-CV-11 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## DECISION AND ORDER

      Plaintiff Tammy B. brought this action under the Social Security Act (the

"Act"), seeking review of a determination by the Commissioner of Social Security

(the "Commissioner") that she was not disabled. Dkt. 1. Plaintiff moved for

judgment on the pleadings. Dkt. 7. The Commissioner responded and cross moved

for judgment on the pleadings. Dkt. 8. Plaintiff replied. Dkt. 10.

      For the reasons below, the Court denies Plaintiff's motion and grants the

Commissioner's cross-motion.

_____

[1] Pursuant to the Western District of New York's November 18, 2020 Standing
Order regarding the naming of plaintiffs in Social Security decisions, this Decision
and Order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

Plaintiff applied for benefits on December 1, 2017, alleging disability beginning on February 14, 2017.  Tr. 143, 145.[2]  Plaintiff's application was initially denied by the Social Security Administration on April 30, 2018.  Tr. 59.  Plaintiff then filed a written request for a hearing on May 11, 2018, Tr. 76-77, which took place before an Administrative Law Judge ("ALJ") on January 23, 2020.  Tr. 34-50.  The ALJ issued a written decision on March 5, 2020, denying Plaintiff's claim.  Tr. 15-29.  The Appeals Council denied Plaintiff's request for review on November 6, 2020.  Tr. 1-5.  Plaintiff then commenced this action.  Dkt. 1.

## LEGAL STANDARDS

I.   **District Court Review**

The scope of review of a disability determination involves two levels of inquiry.  *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination."  *Id.*  The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act."  *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'"  *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

---

[2] All references to the administrative transcript (Dkt. 6) are denoted "Tr. ____." Page numbers for documents contained the transcript correspond to the pagination located in the lower right corner of each page.

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).  The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citations omitted).  But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).  Indeed, if "a reasonable basis for doubt whether the ALJ applied correct legal principles" exists, applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## II.   Disability Determination

An ALJ evaluates disability claims through a five-step process established by the Social Security Administration to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(2).  At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment. *Id.* § 404.1520(a)(4)(i).  If so, the claimant is not disabled. *Id.*  If not, the ALJ proceeds to step two. *Id.* § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 404.1520(a)(4)(ii).  If there are no severe impairments, the

claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments medically or functionally meets or equals an impairment listed in the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. *Id.* § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See id.* § 404.1520(a)(4)(iv); (e). The RFC is a holistic assessment of the claimant that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for his or her collective impairments. *See id.* §404.1545. The ALJ then determines if the claimant can perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant can perform past work, he or she is not disabled and the analysis ends. *Id.* § 404.1520(a)(4)(iv), (f). But if the claimant cannot perform past relevant work, the ALJ proceeds to step five. *Id.*

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See id.* §§ 404.1520(a)(4)(v), (g); *see also*

4

*Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  Specifically, the Commissioner

must prove that the claimant "retains a residual functional capacity to perform

alternative substantial gainful work which exists in the national economy." *Rosa v.

Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604

(2d Cir. 1986)).

## DISCUSSION

### I.   The ALJ's decision

The ALJ first found that Plaintiff met the Act's insured status requirements

through June 30, 2022, the date last insured.[3]  Tr. 17.  The ALJ then proceeded

through the sequential evaluation process discussed above.

At step one, the ALJ determined Plaintiff had not engaged in substantial

gainful activity since the alleged onset of disability on February 14, 2017.  *Id.*  At

step two, the ALJ determined Plaintiff had the following severe impairments:

"degenerative disc disease of the lumbar spine with stenosis, spondylolisthesis, and

radiculopathy; left shoulder tendonitis; thoracic spine stenosis; degenerative disc

disease of the cervical spine with radiculopathy; obesity; carpal tunnel syndrome

left upper extremity; degenerative disc disease thoracic spine; plantar fascial

fibromatosis[;] and left knee patella femoral syndrome."  Tr. 18.  The ALJ also found

that Plaintiff had the following non-severe impairments: headache, vitamin B12

---

[3] Plaintiff applied for Disability Insurance Benefits ("DIB").  "To be entitled to
[DIB], claimants must demonstrate that they became disabled while they met the
Act's insured status requirements." *Banyai v. Berryhill*, 767 F. App'x 176, 178 (2d
Cir. 2019), as amended (Apr. 30, 2019) (citing 42 U.S.C. § 423(a)(1)(A),(c)(1)).

deficiency, anemia, and insomnia. *Id.*

At step three, the ALJ found that none of Plaintiff's limitations met or equaled a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, (the "Listings"). Tr. 19-21. In making this determination, the ALJ considered the following Listings: 1.02 Major dysfunction of a joint, 1.04 Disorders of the spine, and 11.14 Peripheral neuropathy. *Id.*

At step four, the ALJ determined Plaintiff had the RFC to perform light work defined in 20 C.F.R. §§ 404.1567(b) with the following exceptions:

> Plaintiff must be allowed to stand up to five minutes after every thirty minutes of sitting and to sit down up to five minutes after every thirty minutes of standing, while remaining on task. She can frequently operate hand controls, reach, push, pull, handle, finger, and feel with both upper extremities. She can occasionally push[] or pull or operate foot controls with both lower extremities. She requires a cane to ambulate. She can occasionally kneel, crouch, stoop, balance, and crawl, and can occasionally climb stairs and ramps. She can never climb ladders, ropes[,] and scaffolds. She can never be exposed to unprotected heights and moving mechanical parts. She can tolerate occasional exposure to vibration. She is able to understand, carry out, and remember simple instructions, and make simple work-related decisions. She will be off task ten percent of the workday.

Tr. 25.

At the final step, the ALJ found that Plaintiff was unable to perform any past relevant work, Tr. 27, but that Plaintiff was able to perform the requirements of other occupations in the national economy, Tr. 27-28. As such, the ALJ concluded that Plaintiff was not disabled. Tr. 28-29.

## II.   <u>Analysis</u>

For claims filed after March 27, 2017, like Plaintiff's, an ALJ is not required to defer or even "give any specific evidentiary weight" to any medical source opinion. *See* 20 C.F.R. § 404.1520c (applicable rules "[f]or claims filed . . . on or after March 27, 2017"); *Id.* § 404.1520c(a).  Instead, the ALJ "will articulate in [the] determination or decision how persuasive [the ALJ] find[s] all of the medical opinions." *Id.* § 404.1520c(b).  But where the record contains sufficient evidence to assess a claimant's RFC, the ALJ need not rely on opinion evidence at all. *See Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109-10 (2d Cir. 2020) ("Although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity.") (internal quotation marks omitted) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013)).

Here, in formulating the RFC, the ALJ found the opinion of state agency consultant J. Lawrence, M.D.,[4] "somewhat persuasive."  Tr. 24.  The ALJ did not adopt Dr. Lawrence's opinion entirely, but included "additional postural and environmental limitations" in the RFC.  *Id.*  The ALJ considered ten other medical source opinions and found they were of "limited persuasiveness."  Tr. 24-26.

---

[4] The report was signed as "J. Lawrence," but did not include the author's credentials.  Tr. 58.  Both the parties and the ALJ, however, refer to the author of this report as medical consultant "J. Lawrence, M.D."  *See, e.g.*, Dkt. 7-1 at 3 (Plaintiff's memorandum of law), Dkt. 8-1 at 9 (Commissioner's memorandum of law), Tr. 24 (ALJ's decision).

Plaintiff argues that "[b]ecause the ALJ was not persuaded by any of the medical opinions, [the ALJ's] RFC finding was left unsupported by substantial evidence." Dkt. 7-1, at 7. Plaintiff argues that the ALJ "relied on his own lay interpretation of raw medical data" to formulate "highly specific" RFC limitations, *id.* at 6. Plaintiff's argument is without merit.

The ALJ did not improperly formulate "highly specific" RFC limitations without evidentiary basis as Plaintiff contends. *See id.* (Plaintiff argues no medical opinion "addressed time off task" or "a sit/stand finding similar to what the ALJ included in the RFC"); *see also* Tr. 21 (The ALJ found Plaintiff "must be allowed to stand up to five minutes after every thirty minutes of sitting and to sit down up to five minutes after every thirty minutes of standing" and Plaintiff "will be off task ten percent of the workday."). For example, Plaintiff alleged that she has difficulty sitting and standing for extended periods. Tr. 178 (Plaintiff stated she "can only stand for a short period [because] of the pain in [her] leg" and she "can only sit for [a] short period" because of "the pain in [her] lower back and tailbone."). Accordingly, the ALJ determined Plaintiff would need to alternate positions frequently throughout the workday in order to accommodate her various spinal and upper and lower extremity impairments. Tr. 26-27. Although the ALJ apparently did not base that particular finding on any one medical opinion, the ALJ accounted for the limitations Plaintiff alleged.

Where the ALJ otherwise did not entirely adopt a medical opinion he found persuasive, it was not prejudicial to Plaintiff. Specifically, the ALJ rejected aspects of

8

Dr. Lawrence's opinion, which he found to be the most persuasive, and formulated an RFC that was, in fact, more restrictive than Dr. Lawrence opined. *Compare* Tr. 21 (ALJ determined Plaintiff "can occasionally climb stairs and ramps," "can occasionally kneel, crouch, . . . balance, and crawl," and "never climb ladders, ropes[,] and scaffolds"); *with* Tr. 55-56 (Dr. Lawrence determined Plaintiff can "[f]requently" kneel, crouch, climb ramps and stairs, "[o]ccasionally" climb "[l]adders/ropes/scaffolds," and has no balancing limitations.).

For other portions of the ALJ's RFC determination, including the limitation for off-task time, that did not reflect exactly one of the eleven medical source opinions that the ALJ considered, the ALJ did not err in formulating the RFC based on the entire record. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). The ALJ properly considered "the objective medical evidence, subjective statements made by the claimant and by third parties, and all opinions" to formulate the RFC, Tr. 26, and cited extensively to the record to support his determination, *see* Tr. 22-26 (citing "objective medical evidence" of Plaintiff's impairments including MRIs, results of numerous physical examinations, and records documenting various types of "conservative treatment" that Plaintiff received).

What is more, "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence," and, thus, the ALJ is not restricted from making conclusions not found in a medical opinion. *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) ((citing 20 C.F.R. § 404.1527(d)(2)) (The ALJ retains "the final responsibility" for determining the RFC.)). In this case, as in *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016), "[t]he fact that the ALJ assigned a particular percentage range [10% off-task] to illustrate [Plaintiff's] limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence." The court in *Johnson* distinguished the court's prior holdings in *Cosnyka v. Colvin*, 576 F. App'x. 43 (2d Cir. 2014) and *Mariani v. Colvin*, 567 F. App'x. 8 (2d Cir. 2014), wherein the court had "rejected highly specific [RFC] findings that were unsupported by the record." *Johnson*, 669 F. App'x at 47. The court found that, unlike in *Cosnyka* and *Mariani*, "[t]he ALJ's conclusion that [the claimant] could perform light work at a slightly slower than average pace [was] supported by the record evidence," *id.*, and, therefore, the ALJ did not err in expressing that limitation as a percentage even without support from a medical opinion.

Finally, Plaintiff did not provide contrary evidence inconsistent with the ALJ's findings and does not argue that she has any limitations other than those the ALJ accounted for in the RFC. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (The plaintiff "had a duty to prove a more restrictive RFC, and failed to do so."); *see also Barry v. Colvin*, 606 F. App'x 621, 622 (2d Cir. 2015) ("A lack of

supporting evidence on a matter for which the claimant bears the burden of proof,

particularly when coupled with other inconsistent record evidence, can constitute

substantial evidence supporting a denial of benefits.") (citing *Talavera v. Astrue*,

697 F.3d 145, 153 (2d Cir. 2012)).

Because the ALJ "applied the appropriate legal standards" to determine

disability, and because his determination was "supported by substantial evidence in

the administrative record," remand is not warranted. *See Sizer v. Colvin*, 592 F.

App'x 46, 47 (2d Cir. 2015).

<u>CONCLUSION</u>

For the above reasons, the Court **GRANTS** the Commissioner's motion for

judgment on the pleadings (Dkt. 8) and **DENIES** Plaintiff's motion for judgment on

the pleadings (Dkt. 7).  The Clerk of the Court will close this case.


SO ORDERED.


Dated:      August 29, 2022
            Buffalo, New York


_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE